IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ARROWOOD INDEMNITY CO. ) | |
| SUCCESSOR TO TUITIONGUARD ) | |
|     Plaintiff ) | |
| Vs. ) | Case No. 2:11-cv-00101-WC |
| RICHARD A. STEHL ) | |
|     Defendant ) | |

**REPORT OF PARTIES PLANNING MEETING**

    1. The following persons participated in the Rule 26(f) conference on April 6, 2011, by telephone and exchange of proposed plans:

        Leonard M. Schwartz, representing the Plaintiff, Arrowood Indemnity Co.
        Richard A. Lawrence, representing the Defendant, Richard A. Stehl

    2. Initial disclosures:  The parties shall complete the initial disclosures required by Rule 26(a)(1) by April 20, 2011.

    3. Discovery Plan.  The parties propose the following discovery plan.

        (a)  Discovery will be needed on the following subjects:

            Facts of the case
            Witnesses
            Liability
            Damages
            Determination of the status of the entities involved in the loan

        (b)  Discovery will commence on April 21, 2011, and conclude on December 31, 2011.

        (c)  Maximum number of interrogatories:  40 (follow up questions from a basic question shall be counted as one (1)).
        Maximum number of requests for production of documents, electronically stored information or data, and tangible things, by each party to another party:  40.
        Responses to interrogatories and requests for production shall be provided within 30 days after service, unless the parties may agree otherwise.

1

      (d)  Maximum number of requests for admissions:  40

Responses to requests for admissions shall be provided within 30 days after service.

      (e)  Maximum number of depositions by each party:  6, plus any experts.

      (f)  Limit in hours on the length of any deposition:  6 hours.

      (g)  Dates for exchanging reports of expert witnesses:  Plaintiff: October 1, 2011; Defendant:  December 1, 2010.

      (h)  Dates for supplementations under Rule 26(e):  Within 14 days of knowledge that a matter needs to be supplemented, except as to an expert witness.  As to an expert witness, notification that a matter needs to be supplemented shall be make within 14 days of knowledge; the supplement from the expert witness should be made within a reasonable time.

   4.  Other Items:

      (a)  The parties do not request to meet with the Court before issuance of a scheduling order.

      (b)  The parties request that a pretrial conference be set.

      (c)  Final dates for the plaintiff to amend pleadings or to join parties:  September 1, 2011.

      (d)  Final dates for the defendant to amend pleadings or to join parties: October 1, 2011.

      (e)  Final dates to file dispositive motions:  January 31, 2012.

      (f)  Prospect for settlement:  Do not know at this point.

      (g)  Alternative dispute resolution procedures that may enhance settlement:  The parties may request the appointment of a magistrate to act as a mediator.

      (h)  Final date for submitting Rule 26(a)(3) witness lists, designation of witnesses whose testimony will be presented by deposition, and exhibit lists: 35 days (5 weeks) before trial

      (i)  Final date to file objections under Rule 26(a)(3): 28 days (4 weeks) before trial

      (j)  Suggested trial date, and length of trial:  After March 1, 2012; 1 day.

      (k)  Other matters:

(1) Disclosure of discovery of electronically stored information should be handled as follows: The parties will initially produce paper or CD-ROM copies of electronically stored relevant documents or electronically recorded data in response to initial disclosures and discovery. The parties will notify each other if any electronically stored relevant documents or electronically recorded data cannot be printed or produced in paper or CD-Rom format so that the parties can reach an agreement on how they will be produced.

(2) The parties agree to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: If documents are claimed to be protected by attorney client privilege, the party should submit a privilege log showing the date of the document, if known, and a general description of why the document is privileged, (i.e. – letter from client to counsel). A party may petition the court for in-camera review of any document claimed as privileged. If a document is claimed to be protected by attorney-work product or trial preparation material, a separate log should be submitted, showing the date of the document, if known, and a general description of why the document is protected by attorney-work product privilege or trial preparation material privilege. A party may petition the court for in-camera review of any document listed as privileged.

(l) Undersigned counsel, Richard Lawrence, has the consent and agreement of opposing counsel, Leonard Schwartz, to affix his electronic signature to this document and e-file the same with the court.

Done this the 7th day of April, 2011.

/s/Leonard M. Schwartz
_____
Leonard M. Schwartz
Attorney for the Plaintiff
1609 Richard Arrington Jr. Blvd. South
Birmingham, AL 35205
Telephone: 205-922-9451
Facsimile:
E-Mail: lmslaw@bham.rr.com

/s/Richard A. Lawrence
_____
Richard A. Lawrence, LAW006
Attorney for the Defendant
608 South Hull Street
P.O. Box 4633
Montgomery, AL 36103
334-263-2000
Fax: (334) 263-9086
richard@rlawrencelaw.com

3